JUDSON L. THOMSON MANUF'G Co. *v.* HATHAWAY *et al.*

*(Circuit Court, D. Connecticut.* September 17, 1891.)

PATENTS FOR INVENTIONS—INFRINGEMENT.
Letters patent No. 326,357, for an improvement in an arctic buckle, having a tongue hinged between the leaves of a double flexible plate by a cam-shaped hinge-pin entering between the plates, and having its bearings in transverse recesses, closed in front, which has guards across the side edges of the flexible portion of these plates to retain the hinge-pin in its proper bearings in the plates, and also to prevent lateral displacement of the plates, are not infringed by a buckle having the tongue pintle between the top and bottom plates, which are rigidly connected together, with a depressed socket in the lower plate for the reception of the pintle, which is held in place and prevented from sliding by the top plate being squeezed downward, the spring action being obtained by a spring plate fastened within the folds of the base plate, which co-operates with a cam projection from the middle portion of the tongue.

In Equity.
*George W. Hey,* for plaintiff.
*Frederick P. Fish,* for defendants.

SHIPMAN, J. This is a bill in equity, which is based upon the alleged infringement of the first claim of letters patent No. 326,357, and of the first and second claims of patent No. 326,355, said patents being respectively for a spring clasp and a clasp plate in an arctic shoe; and of the second and third claims of letters patent No. 336,769,—each one of said patents having been granted to Jacob J. Unbehend. The plaintiff submits to a dismissal of the bill so far as it relates to No. 336,769. The invention which is the subject of No. 326,357, and the claims of the patent, are described in *Thomson v. Manufacturing Co.*, 32 Fed. Rep. 791, and 38 Fed. Rep. 602; and the device which is alleged to infringe in this case is described in *Manufacturing Co.* v. *Hatheway*, 41 Fed. Rep.

519. As was stated in 38 Fed. Rep. 602, the invention of the first claim was an improvement upon Unbehend's patent, No. 305,410, which was for a buckle having a tongue hinged between the leaves of a double flexible plate by a cam-shaped hinge-pin entering between the plates and having its bearings in transverse recesses closed in front. The improvement consisted in the addition of guards across the side edges of the flexible portion of these plates to retain the hinge-pin in its proper bearings in the plates, and also to prevent lateral displacement of the plates in relation to each other. As was stated in 41 Fed. Rep. 519, in the plaintiff's buckle a cam-shaped pin enters between the plates and pries them apart when it swings the tongue towards its open position, whereby spring action is imparted to the clasp. In the defendant's buckle the tongue pintle is between top and bottom plates, which are rigidly connected together. A depressed and too large socket is formed in the lower plate for the reception of the pintle, and the substance of the top plate is squeezed or pinched downward, so as to make the socket smaller, fit the pintle, and prevent it from sliding about in the socket. The plates are not pried apart, but spring action is obtained by a spring plate fastened within the folds of the base plate, which co-operates with a cam projection from the middle portion of the tongue. The downwardly extending parts from the top plate the plaintiff considers to be the guards of the patent, which hold the tongue against accidental removal from the socket. The invention of Unbehend, in No. 326,357, was a very narrow one, while the first claim of his patent is broad, and might, if no attention was paid to the history of the invention, be held to include guards in a clasp, the tongue of which is hinged between any two plates, provided the guards are at the edges of the plates, in front and rear of the hinge-pin, and help to retain the pin in proper position. The history of the invention shows that Unbehend's guards guarded a pintle confined between flexible plates giving spring action to the tongue, and prevented the pintle from slipping out when the plates were pried apart. The depressions in the defendants' buckle are for the purpose of making a small or close-fitting socket or bearing for the pintle in plates which are not to be pried apart. They may be called "guards," but they are not the guards of the Unbehend patent, which stand across the edges of flexible plates to prevent the slipping out of the pintle, when the plates are caused, by springing apart, to furnish spring action to the tongue. The improvement in No. 326,355 is described in 41 Fed. Rep. 519, and consists in turning up the edge of the plate and rounding the edges of its flanges, instead of striking upward from the under side of the plate longitudinal concave convex ribs, whose downwardly projecting edges hurt the foot. The improvement seems to me to have been plainly within the scope of mechanical skill, and to have been outside the territory of invention. The bill is dismissed.